EVIDENCE—HEARSAY ADMISSIBLE TO PROVE BOUNDARIES.

Hearsay evidence is admissible for the purpose of proving boundaries, ancient land marks, pedigree, and prescription.

In the course of the trial of this cause it became necessary for the defendant to show where Julias Sanders and others crossed Elk river in 1781, it being the place of beginning called for both in the entry and grant of the defendant. The defendant introduced a witness, Joseph Greer, to prove what Alexander Greer told him had been said by Julias Sanders upon that subject. Both Sanders and Alexander Greer were dead. It also appeared that, at the time the statement was made by Sanders to Alexander Greer, another person was present, to wit, a man by the name of Waldin. It did not appear that Waldin was dead, or that the defendant could not get his testimony.

Haywood & Whiteside, for plaintiff.
Hayes & Cooke, for defendant.

BY THE COURT. It was determined in the case of Athol v. Ashburnham that, for the purpose of proving a pedigree, a witness might detail what another had told him he heard a third person say on the subject, both these persons being dead. Bull. N. P. 295. If that determination be law, and the court have no reason to doubt it, the evidence now offered is admissible. We admit that every remove which is made from Julias Sanders renders the testimony weaker, but it is still competent. The object is to prove where Sanders crossed Elk river. No doubt exists but that this may be done from evidence of what persons now dead have been heard to say. The same rule applies to all cases of pedigree, prescription, or ancient land marks. If Alexander Greer were living and present it would be competent for him to prove what Sanders had said; and he being dead, Joseph Greer may be permitted to prove what Alexander told him had been said by Sanders. It is equally competent, though weaker, testimony. The reason why, in cases of pedigree, prescription, and ancient boundary, the party may prove what persons, then dead, have been heard to say when living, is, that in such cases the party claiming the benefit of the evidence shall not be deprived of it by the death of the witness if he can in anywise show what knowledge the witness had on the subject. What he has been heard to say is pretty strong evidence of what he knew. But it has been objected that the defendant ought to produce Waldin, as he is now living. Perhaps Waldin's statement would be more satisfactory, but that does not render the evidence offered inadmissible. It might be contended, with the same propriety, that evidence direct of what Sanders has said would not be admissible testimony, because other persons were along with him when he crossed Elk river, who are now living, and capable of being produced. Let the witness be examined.

NOTE, [from original report.] Ancient boundaries may be proved by reputation, and hearsay evidence is admissible for that purpose. See Lamar v. Minter, 13 Ala. 39; Riley v. Griffin, 16 Ga. 149; McCloud v. Mynatt, 2 Cold. 165; citing above case.

---

BEARD. (UNITED STATES v.) See Case No. 14,551.

---

## Case No. 1,183.

### In re BEARDSLEY.

[1 N. B. R. 304, (Quarto, 52;) 1 Am. Law T. Rep. Bankr. 46.][1]

District Court, S. D. New York. 1868.

BANKRUPTCY—DISCHARGE—OPPOSITION — SPECIFICATIONS.

[1. Upon an opposition by creditors to the discharge of a bankrupt, specifications, as grounds thereof, that the debtor falsely set forth in his petition and schedules that he had no property, and that he has concealed his property with intent to defraud his creditors, are too vague and general to be triable, where they do not specify what other property he had and what property he concealed.]

[2. Such specifications are open to an additional objection where they do not state, as required by section 29 of the bankruptcy act of 1867, (14 Stat. 531,) that the omissions of property from the schedules were willful, fraudulent, or negligent.]

[In bankruptcy. Application by Alfred Beardsley for a discharge in bankruptcy, which was opposed by his creditor. Reference to the register to take testimony as to the ground of opposition specified.]

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

[1] [1 Am. Law T. Rep. Bankr. 46, contains only a partial report.]

BLATCHFORD, District Judge. The first, second, fourth, sixth, and seventh specifications filed as grounds of opposition to the discharge of the bankrupt, in this case, are altogether too vague and general to be triable. The first is, that the bankrupt has falsely set forth in his petition and schedules that he had no property. It ought to specify what property he had. The second is, that he had property rights and choses in action at the time of filing his petition. It should specify the property. The fourth is, that he has concealed and covered up his property, for the purpose of defrauding his creditors existing at the time of filing his petition. Unless it means all his property, it should specify what property: and if it means all his property, the time, place, manner, and circumstances of the concealing and covering up should be specified. The sixth is, that he has not set forth all his property in the schedules filed with his petition, and that the schedules are false in that particular, and that he had divers kinds of personal property, besides that at the place named in the third and fifth specifications. This is too general. It should specify what the omitted property was. The seventh is, that he has omitted to set forth all the debts owing by him in the schedules filed with his petition. It should specify the debts omitted. The first, second, sixth, and seventh are all of them open to the further objection, that they do not allege that the omissions referred to in them were wilful, fraudulent, or negligent. This is necessary under section 29 of the act. The eighth is, that the bankrupt omitted to set forth a debt owing by him to Hervey G. Law, of about $2,000, resting in account, and which was not outlawed. This specification is bad, for the reason that it does not aver that the omission was wilful, fraudulent, or negligent.

The third is, that "said Beardsley had an interest in the property in, and the business conducted at, the saloon at 36 Liberty street, city of New York, at the time of making and filing said petition, of the value of $3,000, and the said business was and is carried on for his sole benefit. The fifth is, that "the business at said saloon is pretended to be conducted in the name of one Pope, but really for the benefit of said Beardsley, with intent to defraud said creditors," that is, creditors existing at the time of filing his petition. Although the third, standing by itself, might be open to the objection that it does not aver any wilful, fraudulent, or negligent omission by the bankrupt, in respect to the property referred to, yet I think the third and fifth, taken in connection with each other and with the petition and schedules, present triable matters. The third must be read in connection with the fifth, and the omissions and acts referred to in them must be regarded as being averred to have been made and done with intent to defraud creditors existing at the time of filing the petition, and

therefore fraudulently, within the provisions of section 29.

A reference is ordered to Register Allen, the register who has had charge of the case, in case either party desires to take any testimony in addition to what has already been taken, to take such testimony in respect solely to the matters set forth in the third and fifth specifications, and report it to the court. On the coming in of his report, the case can be brought on for hearing before the court.

[NOTE. Subsequently the discharge was granted. See Case No. 1,184.]